The first case called for is P. Porter v. Inman. Whenever you're ready, we'll proceed. Good afternoon, Your Honors. May it please the Court, Counsel. My name is Tom Corrales, and I represent Mr. Inman in his post-conviction appeal. Given the time limitations that we're under, I'm not going to go all the way back to 1985 when this case began to set the landscape. But the short version is that the defendant was resentenced around seven years ago. And as a result of that proceeding, he received a benefit of having his greater sentence reduced from natural life to a term of years. But he also had the two sentences he is serving converted from concurrent terms to consecutive terms. In this appeal, we maintain that the conversion of those terms was impermissible. And the reason that authorized concurrent terms cannot be changed simply because a new sentence has to be imposed on one count only out of multiple convictions is that Illinois is a count-by-count sentencing jurisdiction. And that is true despite the existence of some case law that has failed to recognize that principle and justifies converting formerly concurrent sentences to consecutive terms under what would be appropriately termed an aggregate sentencing approach or a sentencing package approach. My plan is to spend the time I have today explaining why there should be no other conclusion, at least since the Illinois Supreme Court decided the Kilpatrick case, but that we have limits on resentencing under a count-by-count approach. And the best way I can think to do that is to use some illustrations that reflect permissible and impermissible alterations of sentences on multiple counts in order to show that a valid concurrent sentence cannot be treated as some type of a fallback tool to recover or neutralize some of the effect from sentencing relief that is granted against another conviction. So one scenario is to consider what are the outcomes that are possible if a defendant has a conviction on the highest class offense, murder. It's a reversed outright, but he has a second conviction for which he has a non-extended term. And for whatever reason, it's remanded to the circuit court. So in this case, if Tom Inman was being resentenced on his 10th conviction after having the murder conviction completely vacated, would there be any room for the lower court to make up some of the difference by giving him an extended term now that the class X offense is the highest class remaining? Well, that question was rejected and answered negative in the Blank case from 1997. The second district said no, that would violate the limits we have on resentencing after successfully appealing, and that is an illustration that reflects the count-by-count approach in addressing resentencing. Now, altering the example a little bit to one that resembles several of the cases that are cited in both our brief and the state's brief in this appeal, suppose a term of years had been imposed on the murder conviction and also the same concurrent 30-year sentence for the class X conviction as in this case, but the term of years was improperly imposed as an extended term. So if a reviewing court, for example, were to vacate a 50-year extended term, which it would be in this case because the laws in 85 made 40 years a maximum sentence for murder, if you had had a 50-year sentence and the reviewing court vacates that as improperly extended term, does that scenario allow the court to modify the whole sentence package to the effect that there is no extended term remaining but we have consecutive 20-year minimum for murder and 30 years for attempt? And you get back all of what relief the defendant had won. That's an example that would also be treating the whole package as subject to revisiting after a remand. And it's actually the approach that this court applied in Giller back in 1989, but Kilpatrick decided in 1995 rejected the package approach to resentencing. People v. Pugh also understood, and that was a first district case from 2001, that there is something wrong with this kind of give with one hand while taking away with the other approach. To make this type of change would require that the entire sentencing package would be placed back on the table even when the relief had been won as to only one count. And again, I mentioned Kilpatrick in 1995 decision that state implicitly holds the section of 5-5-4 of the Code of Corrections, which wasn't the section that was involved. The later case law said that is the same as if a trial judge were to grant sentencing relief. It requires that you apply the restriction of not increasing punishment on a count-by-count basis. And, Your Honors, it's nothing more than a judicial fiction to say that there is no change to a 30-year sentence on the class X count, such as in my case, when the prison terms are converted to run consecutive in order to climb back up to a greater number of years. The court in Pugh, which is cited in the briefs, and the opinions of Justice Cook in the Fourth District are the clearest expressions of why this is still an increase in punishment. The reason is more time will end up being served when a credit against a concurrent sentence has been lost because there is a single counting of time served rule when consecutive terms are imposed. And that's required by the Supreme Court's People v. Nakona decision. In this case, more than 21 years had passed before Mr. Inman's sentence on his murder conviction was eventually reimposed. So even if you ignore your day-for-day credit considerations, that 30-year sentence was over two-thirds served and nothing in the award of sentencing relief on his murder conviction opened the door to make a change to that calculation of credit against his class X attempt sentence. Only if this was a sentencing package jurisdiction could you have allowed that. The state might try to argue that, well, that figure hasn't gone anywhere even though we have consecutive sentences now. And that's where I call it a judicial fiction, or at least some funny math, because one of these two consecutive sentences is going to have to be served in its entirety. The credit for the 21 years in four months and 17 days in this case is only going to be applied to one of those sentences. So either you have to serve a lot more time for the attempt class X conviction, or you're going to have to serve every single day of the new sentence for the murder conviction by virtue of the fact that the previous concurrent terms have now been converted to consecutive terms. But the previous concurrent terms are still greater than the new sentence. Right. And in Kilpatrick, the same thing resulted after, in that case, there were improper consecutive terms imposed and the individual terms were bumped up to match what the aggregate was. And even though there was no change in the overall result in Kilpatrick, Justice McMurray said a defendant should not have to run the risk that a challenge to consecutive sentencing will result in resentence of increased length on the individual. Our argument is that the converse is true also. A defendant should not have to run the risk that he's challenged to the individual length of one concurrent sentence is going to result in the consecutive. And in Kilpatrick and cases that have followed it, it is not relevant whether or not the aggregate total is the same or less. It still affects individual count in an adverse way when you've changed it from concurrent to consecutive and thereby erased the credit. I think the cases that express this idea that we have a count-by-count sentencing requirement on resentencing in our briefs, the Blank case, People v. Pew case, and the Kilpatrick case that I've been referring to, because there is a different application of credit against consecutive terms as opposed to concurrent terms, even the conversion of sentences that are individually reduced on one or more convictions can constitute an increase in punishment. And because the most recent sentencing court and the court that denied Mr. Inman's post-conviction petition viewed the conversion of the terms in this case as not amounting to any increase in punishment, we are asking, Your Honor, to reverse the judgment below and to put Mr. Inman back in the position that he was in with respect to his Class X 30-year sentence for attempt before his sentence for murder was resentenced. And the easiest way to do that is to just reconvert the terms back to concurrent terms. Are there no further questions? Thank you. I don't believe so. Thank you, Counsel. Counsel? May it please the Court, Counsel? This case contains no issues that haven't already been decided by Illinois reviewing courts. This court shouldn't need to look to concurring, dissenting, and Nevada opinions to make its decision. There are two issues here. The first is whether the resentencing court imposed a presumptively vindictive sentence under North Carolina v. Pierce when it converted the defendant's previously concurrent sentence to one that ran consecutively. The second issue is whether the defendant's consecutive sentence for his first-degree murder conviction imposed upon resentencing ran afoul of constitutional bars against double jeopardy because he was credited for actual days served. The first issue has been forfeited as nowhere in the defendant's amended post-conviction petition does he allege judicial vindictiveness pursuant to North Carolina v. Pierce. Now, he argues in his reply brief that he made these allegations in his pro se post-conviction petition, but Illinois Supreme Court has held a couple of times that amended post-conviction petitions supersede pro se post-conviction petitions such that any allegations not made in the amended petition is not before the court. Now, the defendant may be able to raise this issue through a successive post-conviction petition, provided that he is able to show cause and prejudice under the familiar Pittson murder, but it is essentially a meritless argument. A presumption of judicial vindictiveness only arises when a sentence has been increased on remand. Here, prior to the resentencing hearing, the defendant was serving natural life for his murder conviction and 30 years for his attempt conviction to run concurrently. Upon resentencing, he is now serving 35 years for the murder conviction to run consecutively. Clearly, 35 years is not greater than life, natural life, and the defendant's sentence for the attempt conviction was not disturbed. It's left intact. The order of judgment sentence injured on remand reflects that the only sentence that the resentencing court modified was the one imposed on his conviction for first degree murder. Any claim by the defendant that his sentence for attempt was improperly disturbed by the resentencing is mere misreading, misinterpretation of the record. Moreover, the consecutive nature of the 35-year term of imprisonment does not render the defendant's sentence for attempt of murder more severe and does not increase it under North Carolina v. Pierce. And Illinois law is well settled on that. Our reviewing courts have held numerous times that converting concurrent sentences to consecutive sentences does not increase a defendant's sentence for purposes of Pierce or Section 5-5-4 of the code, which is the statute that prohibits a court from imposing a more severe sentence when the initial sentence is set aside. And these courts do not come to this decision using the aggregate perspective. They looked at the sentences per count. Despite what the defendant says, these cases that support that principle are count-by-count. It was a count-by-count basis. It should also be mentioned that prior to resentencing the defendant, the court found that under relevant 1985 sentencing law, it had discretion to impose a consecutive sentence for his murder conviction. And under the 1985 law, as long as the requirements of Section 5-8-4 of the code can be satisfied, then the court has the discretion to impose consecutive sentences. The defendant does not argue here or below that the resentencing court erred as a matter of statutory interpretation in imposing that consecutive sentence based on this section of the code. Thus, the defendant forfeits any argument that the resentencing court somehow erred in imposing a consecutive sentence under that statute. Although the defendant was required to serve his murder conviction consecutively to the attempt, a modification to the manner in which a sentence is served does not constitute an increase in one sentence for the purposes of North Carolina repairs and Section 5-5-4 of the Code of Corrections. Therefore, the defendant has ultimately failed to prove that his right to due process was violated when his sentence for first-degree murder was reduced from a term of natural life to 35 years. Turning to the second issue, whether the defendant's consecutive sentence imposed upon resentencing for his first-degree murder conviction ran afoul of constitutional bars against double jeopardy because he was credited for a time actually served, this issue, too, was forfeited as the defendant concedes, and no exceptions apply. The first exception that the defendant attempts to invoke is the constitutional issue exception, but this exception does not apply to appeals for orders dismissing post-conviction relief. It only applies to issues raised on direct appeal where the defendant fails to file a post-trial motion. Every claim raised under the Post-Conviction Hearing Act pertains to a constitutional issue by virtue of the fact that the only way that a defendant could initiate such proceedings is if they're alleging substantial deprivation of constitutional rights. So, you know, if a constitutional issue exception were allowed, then the defendants would be able to avoid forfeiture in post-conviction proceedings, which would make meaningless the holding in People v. Blair, which held that trial courts may summarily dismiss post-conviction petitions based on both res judicata and waiver. Now, the second exception defendant argues is that appellate counsel was ineffective for failing to raise this issue on appeal from the resentencing order. But appellate counsel was not ineffective for failing to raise this issue. To establish that appellate counsel was ineffective, the defendant would need to show that appellate counsel's performance was both efficient and that there was or is a reasonable probability that counsel would have been successful on appeal. And appellate counsel did not fail to exercise professional judgment in choosing not to raise this issue because it is non-meritorious. The double jeopardy clause of Illinois and the United States protects a defendant from multiple punishments for the same effects. The defendant's claim that his pride against double jeopardy was violated when he was not given double day-for-day credit for the time he served is without merit, according to People v. LaTonya. Under People v. LaTonya, the Illinois Supreme Court held that to the extent that an offender's sentence to consecutive sentences has been incarcerated prior thereto on more than one offense simultaneously, he should be given credit only once for actual days served. Okay. Thank you. We have read the briefs, and you have them right there. Okay. Thank you, counsel. I'd like to respond to the multiple waiver arguments. And as to the one that the State asserts in Part 1 of its brief on the due process, North Carolina v. Pierce angle that we presented, there's a lot of overlap between double jeopardy and North Carolina v. Pierce. In fact, I think North Carolina v. Pierce was originally a double jeopardy case. That found that, oh, really, this is better suited under the due process protection. So given that overlap, the most recent pronouncements from the Illinois Supreme Court in cases that I cited in the library was that there doesn't have to be the type of precision in the type of argument that's being made. If there is enough overlap that you could say the argument presented on appeal, the trial judge had an opportunity to review that same claim, then it's properly being made on appeal. And in this case, I think the post-conviction court could easily have latched onto a North Carolina v. Pierce protection, even though double jeopardy was more the focus in that court. As far as whether or not we've sufficiently made out a case of ineffective assistance to the public counsel, well, doesn't that really depend on whether or not the merits go our way or the state's way? Because if you are convinced that this runs afoul of a count-by-count approach and allows sentencing packaging, you know, revisiting of sentences, well, then it would have prohibited the type of sentence that was refashioned. And, you know, Your Honors would have found that in the direct appeal that followed resentencing. Apparently the state is convinced that a valid, original, concurrent sentencing is an available tool for a resentencing court to tinker with when relief is awarded on other counts, and that it's not a problem to take back with one hand in the trial court what the public court awarded with the other hand. And I'm contending that that violates count-by-count principles, that there is no permission to be tinkering with undisturbed counts in order to get back some of the sentences that have been reduced by the prior court. That's the substance of our argument. Thank you, counsel. I appreciate the briefs and arguments of counsel. We'll take the case under advisory. Thank you.